FILED

2012 SEP -7 PM 1:00

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(JACKSONVILLE DIVISION)

UNDERWRITERS AT LLOYD'S Subscribing
to Cover Note JC 492810,

    *Plaintiff,*

CASE NO. 3:12 cv. 989-J-99MMH-JBT

- against -

CROWLEY LOGISTICS INC.,

    *Defendant.*

_____/

## COMPLAINT

Plaintiff Underwriters at Lloyd's Subscribing to Cover Note JC 492810, (hereinafter "Underwriters at Lloyd's"), by its attorneys Horr Novak & Skipp, P.A., and Maloof Browne & Eagan LLC, for its Complaint, alleges on information and belief as follows:

1. All and singular the following premises are true and constitute claims of admiralty and maritime jurisdiction under 28 U.S.C. §1333 and under rule 9(h) of the Federal Rules of Civil Procedure, and/or under the laws of the United States pursuant to 28 U.S.C. § 1331 (including federal common law), and/or arising under an Act of Congress regulating commerce within the meaning of 28 U.S.C. § 1337(a), and/or under the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

2. Venue is proper here within the applicable maritime legal precedents and/or within the meaning of 28 U.S.C. § 1391. Defendant is headquartered in Jacksonville, Florida and resides within this District within the meaning of 28 U.S.C. § 1391(c). The parties agreed that suit shall be brought in federal court.

3. At all times material hereto, Plaintiff Underwriters at Lloyd's are a group of insurers based in the United Kingdom, with their principal offices and place of business in the United Kingdom, and insured the cargo which is the subject matter of this action (the "Shipment").

4. At all material time, Defendant Crowley Logistics, Inc. (hereafter "Crowley"), was, and now is, a corporation organized and existing under and by virtue of the laws of the United States and is engaged in business as carriers of merchandise by sea and land for hire, and/or owned, chartered, managed and/or otherwise controlled the vessels, vehicles and other transport modes at issue, and is subject to the jurisdiction of this Honorable Court.

5. On or about December 7, 2011, there was delivered to Defendant in Choloma Cortes, Honduras, a consignment of clothing in 438 cartons, then being in good order and condition (the "Shipment"), and the Defendant, then and there accepted the Shipment so shipped and delivered to it. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendant further agreed to transport and carry said Shipment to Acajutla, El Salvador and from there by vessel to Los Angeles, California, and from there deliver the Shipment in San Marcos, California in like good order and condition to Plaintiff's assured or its designee. The Shipment was described in a certain bill of lading issued and numbered 6021476601 dated on or about December 7, 2011 and/or other documents also constituting portions of the contract of carriage.

6. Thereafter the Shipment was delivered not in like good order and condition as when shipped, accepted, and received by Defendant. On the contrary, the Shipment was stolen en route.

7. Plaintiff and its assured have performed all conditions on their parts to be

performed, and Plaintiff is duly entitled to maintain this action.

8. By reason of the foregoing, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $55,000.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND/OR DUTIES UNDER COGSA

9. Plaintiff incorporates herein by reference the allegations of paragraphs 1-8 above and all paragraphs below.

10. By reason of the foregoing, the Defendant was a carrier of merchandise by sea and road for hire and breached its duties and warranties under the contracts of carriage and/or the U.S. Carriage of Goods by Sea Act and/or such other applicable contracts or laws.

11. By reason of the foregoing, the Defendant has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding U.S. $55,000.

## SECOND CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATION

12. Plaintiff incorporates herein by reference the allegations of paragraph 1-11 above and all paragraphs below.

13. The Defendant was acting as bailee of the Shipment at the time it was lost. The Defendant was thereby, or through its contractors, agents, servants or sub-bailees, bailee who warranted and had a legal duty to safely keep, care for and deliver the said Shipments in the same condition as when entrusted to it and to perform their services as bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. The Defendant breached those bailment obligations and negligently failed to deliver to

Plaintiff, or its designees, the Shipment in as good condition as when entrusted to it.

14. By reason of the foregoing, the Defendant has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding U.S. $55,000.

## THIRD CAUSE OF ACTION

### NEGLIGENCE AND OTHER TORTS

15. Plaintiff incorporates herein by reference the allegations of paragraphs 1-14 above and all paragraphs below.

16. The Defendant, by its or its employees' negligence, gross negligence, recklessness, willful and/or wanton conduct, damaged the Shipment. It therefore failed to deliver the Shipment to Plaintiff or its designee, in as good condition as when entrusted to it, all in violation of its duties.

17. By reason of the foregoing, the Defendant has caused damage to Plaintiff, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $55,000.

**WHEREFORE**, Plaintiff prays that:

1. Process in due form of law issues against the Defendant, citing the Defendant to appear and answer this Complaint;

2. The Court order, adjudge and decree that the Defendant, pay for damage suffered, together with interest thereon, attorneys' fees and expenses and costs of these proceedings; and

3. Plaintiff has such other additional relief as equity, justice and the law allows or permits in the premises.

Respectfully Submitted,

Dated: Miami, Florida
September 4, 2012

HORR NOVAK & SKIPP P.A.

By: _____

4

**Brian T. Scarry, Esq.**
Fla. Bar No.: 914230
One Datran Center, Suite 1104
9100 S. Dadeland Blvd.
Miami, Florida 33156
Tel: (305) 670-2525
Fax: (305) 670-2526
Email: bscarry@admiral-law.com

--and--

MALOOF BROWNE & EAGAN LLC
**David T. Maloof, Esq.** (DM 3350)
**Thomas M. Eagan, Esq.** (TE 1713)
411 Theodore Fremd Ave., Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
Email: dmaloof@maloofandbrowne.com
   teagan@maloofandbrowne.com

*Attorneys for Plaintiff*

F:\WP-DOCS\0604.98\Pleadings\081412 Complaint.doc
/5